SEALED
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO. |
|---|---|
| v. | 3-20CR0387-B |
| GARY STEPHENS | Filed Under Seal |

## INDICTMENT

The Grand Jury charges:

At times relevant to this Indictment:

### Introduction

1. InterBank was a federally insured financial institution with branches in Texas and Oklahoma. InterBank participated in the Small Business Administration's Paycheck Protection Program ("PPP") as a lender.

2. Under the PPP's terms, the amount of funds that a small business was eligible to receive as a PPP loan was calculated based on the small business's average monthly payroll expenses and number of employees.

3. The defendant, **Gary Stephens**, was a resident of Ennis, Texas, in the Dallas Division of the Northern District of Texas.

4. Tristar Minerals and Resources, LLC was a Texas limited liability company. **Stephens** was Tristar's registered agent and sole owner. Tristar maintained an account at InterBank. **Stephens** was a signatory on that account.

5. On or about May 4, 2020, **Stephens** submitted a PPP loan application to InterBank in the name of Tristar seeking approximately $104,900 in PPP funds. The PPP

Indictment—Page 1

loan application falsely stated that Tristar's average monthly payroll was $41,999 and that Tristar had six employees.

6. The PPP loan application was approved and on or about May 8, 2020, InterBank distributed approximately $104,900 to **Stephens** through a cashier's check deposited into Tristar's account at InterBank.

## Count One
### False Statement to a Bank
### (Violation of 18 U.S.C. § 1014)

7. The allegations in Paragraphs 1 through 6 of this Indictment are incorporated herein.

8. On or about May 4, 2020, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Gary Stephens**, knowingly made a false statement for the purpose of influencing the lending action of a financial institution, the accounts of which were insured by the Federal Deposit Insurance Corporation, that is, in the PPP loan application to InterBank, **Stephens** falsely represented that Tristar had six employees and an average monthly payroll of $41,999.

All in violation of 18 U.S.C. § 1014.

## Count Two
### Engaging in a Monetary Transaction in Property Derived From Specified Unlawful Activity
(Violation of 18 U.S.C. § 1957)

9. The allegations in Paragraphs 1 through 6 of this Indictment are incorporated herein.

10. On or about May 13, 2020, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Gary Stephens**, knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, a wire transfer of approximately $40,000 from Tristar's account at InterBank to **Stephens**'s personal investment account at Edward Jones, such property having been derived from a specified unlawful activity, that is, false statement to a bank, in violation of 18 U.S.C. § 1014.

All in violation of 18 U.S.C. § 1957.

## Forfeiture Notice
### 18 U.S.C. § 982

Pursuant to 18 U.S.C. § 982(a)(2), upon conviction of the Count 1 offense, the defendant, **Gary Stephens**, shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the offense.

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of Count Two, **Gary Stephens** shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
MARTY BASU
Assistant United States Attorney
Illinois Bar No. 6302360
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8809
E-mail: marty.basu@usdoj.gov

_____
FABIO LEONARDI
Assistant United States Attorney
Texas Bar No. 24118208
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8809
E-mail: fabio.leonardi@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

GARY STEPHENS

INDICTMENT

18 U.S.C. § 1014
False Statement to a Bank

(Count 1)

18 U.S.C. § 1957
Engaging in a Monetary Transaction in Property Derived
From Specified Unlawful Activity
(Count 2)

21 U.S.C. § 853(a)
Forfeiture Notice

2 Counts

A true bill rendered

DALLAS                                                                  FOREPERSON

Filed in open court this 19 day of August, 2020.

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending